UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERARD PLASSE | ) |
| | ) CASE NO. C13-2229RSM |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER GRANTING DEFENDANTS' |
| | ) MOTION TO DISMISS AND DENYING |
| DUNG MAO, JANE DOE MAO, Husband | ) PLAINTIFFS' PENDING MOTIONS |
| and Wife; MARILEE C. ERICKSON; | ) |
| REED McCLURE, A Professional Service | ) |
| Corp., | ) |
| | ) |
| Defendants. | ) |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motions to Dismiss under Rule 12(b)(6) for failure to state a claim. Dkts. #12 and #14. Defendants essentially argue that Plaintiff's complaint should be dismissed because it is nothing more than a thinly-veiled attempt to challenge the decisions made by various Washington courts in his underlying civil action, which this Court may not do. Plaintiff argues that he is not seeking to challenge those decisions, but rather seeks Defendants' liability for alleged Due Process and Equal Protection violations, and for state law actions of fraud and misrepresentation. Dkt. #23. Also pending before the Court are Plaintiff's various motions to supplement the record and amend his complaint. Dkts. #20, #21, and #40. For the reasons set forth below, the Court GRANTS Defendants' motions to dismiss, and denies Plaintiff's pending motions accordingly.

ORDER
PAGE - 1

## II. BACKGROUND

This case arises from an underlying auto accident civil suit in Washington State court. Plaintiff previously sued Dung Mao in King County Superior Court for injuries he sustained after being hit by Mr. Mao's vehicle while Plaintiff was crossing the street. Dkt. #1. That case proceeded to a jury trial before the Honorable William Downing. Dkt. #1 at ¶ 8. The jury found in favor of Mr. Mao. Dkt. #12, Ex. A. Plaintiff then filed an appeal to the Washington State Court of Appeals, Division 1. Dkt. #1 at ¶ 11. Now-Defendant Marilee Erickson of the Reed McClure law firm represented Mr. Mao on appeal. *Id.* On appeal, Plaintiff argued that Judge Downing had erred by refusing to give certain jury instructions. *See* Dkt. #12, Ex. A. The Court of Appeals affirmed the lower court decision, in part because Plaintiff had failed to provide a transcript of the relevant proceedings, which resulted in material omissions from the record. Dkt. #12, Ex. A at 2, fn.1.

Plaintiff then sought review by the Washington Supreme Court, which was denied. Plaintiff filed a Petition for Certiorari in the United States Supreme Court, which was also denied. Dkt. #1 at ¶ ¶ 12-13. Plaintiff then filed the instant lawsuit, naming Mr. Mao and his marital community, Ms. Erickson, and the law firm of Reed McClure as Defendants to the action. Plaintiff alleges denial of Due Process under the U.S. Constitution, denial of Equal Protection under the U.S. Constitution, violations of 42 U.S.C. § 1983, and state law claims for fraud, misrepresentation and conspiracy. Dkt. #1 at ¶ ¶ 14-23.

## III. DISCUSSION

### A. Standard of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light

most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, where documents are referenced extensively in the Complaint, form the basis of Plaintiff's claim, or are subject to judicial notice, the Court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The Court may also take judicial notice of facts not reasonably subject to dispute because they are generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FRE 201(b). Accordingly, the Court has taken judicial notice of and considers herein the unpublished decision by the Washington State Court of Appeals, Division 1, in *Plasse v. Mao*, *et al.*, Appeal No. 66706-8-I, filed on October 15, 2012. Dkt. #12, Ex. A.

**B. Plaintiff's Complaint**

Here, taking the facts described above as true, the Court finds no support for a single claim alleged by Plaintiff against Defendants, and therefore finds that Plaintiff has failed to allege any plausible claim for relief.

ORDER
PAGE - 3

*1. Review of Lower Court Decision*

As an initial matter, this Court agrees with Defendants that this action appears to be nothing more than an attempt to obtain a review by this Court of the State Courts' decisions in Plaintiff's underlying case. As Defendants argue, and Plaintiff admits, the Court is precluded from such review. Dkts. #12 at 5-6 and #23 at 9-10 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct 149, 68 L.Ed. 362 (1923)). Accordingly, the Court dismisses this matter on that basis. However, to the extent that Plaintiff is attempting to allege federal claims against Defendants, those claims also fail as a matter of law as follows.

*2. Alleged Due Process and Equal Protection Violations*

Plaintiff's claims for Due Process and Equal Protection violations are without factual support. A review of Plaintiff's complaint reveals that the alleged basis of these claims is that he was denied "properly requested [jury] instructions for which there was evidentiary support and which were not otherwise covered in the Court's instructions." Dkt. #1 at ¶ 14. Plaintiff does not allege that any of the Defendants denied him due process of law or of equal protection under the law. *See id.* Moreover, Plaintiff does not meet the initial showing that any of the Defendants were acting on behalf of the State, which is a requirement under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L.Ed.2d 482 (1982). Similarly, he fails to state facts supporting even a *prima facie* showing of an Equal Protection claim against the Defendants in this matter. Instead, Plaintiff appears to set forth a challenge to the jury finding that Mr. Mao was not liable under certain traffic laws, and that he did not receive the jury instructions he requested from the trial court. Dkt. #1 at ¶ ¶ 15-18. These allegations support no plausible claims against any of the Defendants, and therefore they must be dismissed.

ORDER
PAGE - 4

*3. Claims Under 42 U.S.C. § 1983*

Plaintiff's claims under 42 U.S.C. § 1983 also fail.  Section 1983 requires that the Defendants have violated Plaintiff's constitutional rights and that they did so while acting under the color of state law.  The Court has already determined that Plaintiff fails to allege any plausible constitutional violation against the Defendants in this action.  In addition, the Court also finds that Plaintiff makes no allegations with respect to Defendants Mao that they were acting under color of state law.  Thus, no claims can be sustained against them under Section 1983.

With respect to Ms. Erickson and Reed McClure, Plaintiff argues they were state actors because as attorneys, they are officers of the Court, and therefore were acting under the color of state law in the underlying proceedings.  Dkt. #23 at 10-11.  Plaintiff provides no legal authority to support his position.  *See id.*  It is clear on the record before this Court that these Defendants did nothing more than assert various litigation positions in their representation of Mr. Mao on appeal.  Neither Plaintiff's Complaint nor his opposition brief allege any facts to support a decision to the contrary.  Accordingly, this claim is also dismissed.

*4. State Court Claims*

Finally, Plaintiff's state law claims for fraud and misrepresentation are also dismissed.[1]  Because the Court has found no basis in law for the federal claims asserted, the Court declines to exercise jurisdiction over Plaintiff's state law claims.[2]

---

[1] Plaintiff acknowledges that he had not pleaded any claim for conspiracy, and affirms that he did not intend to do so.  Dkt. #23 at 16-17.

[2] The Court's decision to decline supplemental jurisdiction is not intended to be any comment as to whether the claims have merit.

ORDER
PAGE - 5

### C. Leave to Amend

Plaintiff has moved to amend his Complaint with respect to the state law claim of misrepresentation. Dkt. # 21. Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile with respect to Plaintiff's federal claims. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Complaint, particularly given the evidence provided by Defendant and the invalidity of Plaintiff's primary legal arguments as discussed above. Moreover, the Court has declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and therefore declines any amendment to the Complaint with respect to those claims.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendants' Motions to Dismiss (Dkts. #12 and #14) are GRANTED. All federal claims against Defendants are DISMISSED with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are DISMISSED without prejudice.

2) Plaintiff's Motion to Continue for Trial Transcript (Dkt. #20) is DENIED AS MOOT.

3) Plaintiff's Motion to Amend Complaint (Dkt. #21) is DENIED.

4) Plaintiff's request to respond to Defendants' sur-replies (Dkt. #40) is DENIED AS MOOT.

5) This case is now CLOSED.

DATED this 13th day of November, 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE